UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KEY,

       Plaintiff,

      v.                                      Case No. 06-C-370

SECOND DISTRICT POLICE STATION
MIKE WYNES, and FRANCINE WYNES,

       Defendants.

**ORDER**

On March 29, 2006, the plaintiff, Michael Key ("Key"), filed this action naming "2nd District Police Station," Mike Wynes, and Francine Wynes as defendants. Along with his complaint, Key filed a petition to proceed in forma pauperis (a petition to proceed without prepaying fees and costs).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Key states that he is currently unemployed and is receiving disability benefits and rent assistance. Key reports that he

owns a vehicle valued at $3,500, on which he is making payments, but does not have any other valuable assets. Key reports that he makes monthly rent payments in the amount of $425, car payments in the amount of $200, and child support in the amount of $67. Based on this, I am satisfied that Key is indigent for purposes of the in forma pauperis statute.

Before allowing Key to proceed without paying costs, this court must also determine that this action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Key is proceeding pro se in this matter. I have therefore attempted to give the complaint a liberal construction. However, even having done so, I cannot determine whether the action is frivolous, fails to state a claim, or seeks money damages from an immune defendant. Simply stated, I cannot discern from the complaint what relief Key seeks from the court, nor can I discern under what theory federal jurisdiction might be invoked. The court will therefore order Key to file a more definite statement of his claims within ten (10) days of this order.

In plain language, if Key wants to go on with this case without paying the filing fee, he must file a paper with the court that more clearly states what his claim is. The paper must describe what Key wants the court to do and the grounds for the court doing so. Key must also make clear why this case is eligible to be heard in <u>federal</u> court as opposed to state court, for example, by stating what federal law his believes was violated.

**NOW THEREFORE IT IS ORDERED** that the plaintiff file a more definite statement of his claims within ten (10) days of this order.

2

**SO ORDERED** this 5th day of April 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3