Copy mailed to attorneys for
parties by the Court pursuant
to Rule 77 (d) Federal Rules of
Civil Procedures.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN



U.S. DIST. COURT EAST DIST. WISC.
FILED
APR 2 6 2006
AT_____ O'CLOCK_____M
~~SOFRON B. NEDILSKY~~

MICHAEL KEY,

    Plaintiff,

v.                                    Case No. 06-C-370

SECOND DISTRICT POLICE STATION,
MIKE WYNES, and FRANCINE WYNES,

    Defendants.

---

### ORDER DENYING PETITION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE

---

On March 29, 2006, the plaintiff, Michael Key ("Key"), filed this action naming "2nd District Police Station," Mike Wynes, and Francine Wynes as defendants. Along with his complaint, Key filed a petition to proceed in forma pauperis (a petition to proceed without prepaying fees and costs).

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Key states that he is currently unemployed and is receiving disability benefits and rent assistance. Key reports that he owns a vehicle valued at $3,500, on which he is making payments, but does not have any other valuable assets. Key reports that he makes monthly rent payments in the amount of $425, car payments in the amount of $200, and child support in the amount of $67. Based on this, in his order of April 5, 2006, Magistrate Judge William E. Callahan, Jr. found that Key was indigent for purposes of the in forma pauperis statute.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In that connection, Judge Callahan attempted to give Key's complaint a liberal construction, given that Key is proceeding pro se. However, even after doing so, Judge Callahan could not determine whether the action was frivolous, failed to state a claim, or sought money damages from an immune defendant. Simply stated, Judge Callahan could not discern from the complaint what relief Key was seeking from the court, nor could he discern under what theory federal jurisdiction might be invoked. Thus, Judge Callahan ordered Key to file a more definite statement of his claims within ten (10) days of his order. More particularly, Judge Callahan stated:

> In plain language, if Key wants to go on with this case without paying the filing fee, he must file a paper with the court that more clearly states what his claim is. The paper must describe what Key wants the court to do and the grounds for the court doing so. Key must also make clear why this case is eligible to be heard in federal court as opposed to state court, for example, by stating what federal law [he] believes was violated.

On April 13, 2006, Key filed a written submission (apparently in response to Judge Callahan's order). The text of that submission reads as follows:

as established I receive social security disability, as well as federal housing from the milwaukee county rent assistance program. second, I have established paper work from various parties concerning the allegation pertaining to harassment to my person my property, such as my vehicle. as stipulated pertaining to filing a citizen complaint, any such person has the right not to be intimidated or harassed such as I have, that's why action is filed. third, I receive federal housing from the milwaukee county rent asst. as stipulated housing assistance payment (hap) contract section 8 tenant-based assistance housing choice voucher program 10 owner[']s breach of hap contract #3 if the owner has committed fraud, bribery or any other corrupt or criminal act in connection with any federal housing assistance program. I implore this action isn[']t frivolous nor malicious, relief seeking return of security deposit and all rent and moving expenses calculating 124.00 times 11 plus 475.00 times 2 as for the city of milwaukee [,] 475.00 in various tickets as well as travel time and pain and suffering in the amount of 3000 [,] equaling 5789 dollars.

Unfortunately, Key's submission of April 13, 2006, is no more elucidating than his original complaint. Simply stated, even affording Key's complaint (as supplemented by his April 13, 2006 submission) a liberal construction, the court is unable to discern the nature of any claim which he seeks to pursue (and over which this federal court would have jurisdiction) against any of the three named defendants. Stated another way, the court finds that Key's complaint fails to state a claim on which relief may be granted. Consequently,

**IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

Dated this 26th day of April 2006, at Milwaukee, Wisconsin.

C. N. CLEVERT, JR.
United States District Judge

3